IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DURWIN HAMPTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC,<br><br>    Defendant. | Case No. CIV-21-250-RAW |

**ORDER**

    Before the court are Plaintiff's motion to certify class [Docket No. 54 and 55], General Motor, LLC's ("GM's") response thereto [Docket No. 59], and Plaintiff's reply [Docket No. 75]. Also before the court are the Report and Recommendation (R&R) filed by Magistrate Judge Gerald L. Jackson [Docket No. 121], GM's objection thereto [Docket No. 122], and Plaintiff's response to GM's objection [Docket No. 123].[1]

    After a hearing on the motion to certify class, Magistrate Judge Jackson entered the instant R&R, recommending that the motion be granted in part and denied in part. Specifically, he recommends the motion be GRANTED as to Count I (Oklahoma Consumer Protection Act), Count III (breach of implied warranty of merchantability), and Count V (unjust enrichment) and DENIED as to Count II (breach of express warranty).[2]

---

[1] The court has considered supplemental authority filed by both parties, including the latest Order from the District of Colorado filed by GM [Docket No. 128]. The Order was filed in a similar case against GM on the issue of causation at the summary judgment stage. While the Order may be informative at later stages in this action, it is not dispositive here.
[2] Plaintiff no longer seeks class certification of Count IV (fraudulent concealment).

GM does not object to the portion of the R&R finding that class certification should be denied as to Count II, the breach of express warranty claim. GM objects to all other aspects of the R&R, arguing that most putative class members lack Article III standing as they have not experienced injury-in-fact, that there is a lack of evidence of a common class wide defect, and that highly individualized questions predominate over any common ones.

The court agrees with Magistrate Judge Jackson's R&R and is satisfied that Plaintiff has met his burden with regard to Article III standing at this stage and that the commonality factor is generally established. The court agrees with the Magistrate Judge Jackson's finding that Plaintiff has presented sufficient evidence that common questions predominate as to Counts I, III, and V, as well as to causation, damages, and timeliness. The court also agrees with the Magistrate Judge that Plaintiff's claims are typical of the claims of the class, that Plaintiff and his counsel can fairly and adequately represent the class, that the class is ascertainable, and that class treatment is manageable.

After a *de novo* review, the court determines that the R&R is well-supported by the evidence and the prevailing legal authority. The R&R [Docket No. 121] is hereby affirmed and adopted as this court's Findings and Order. As recommended in the R&R, Plaintiff's counsel of record is appointed as counsel for the class. The parties shall follow the directions given in the conclusion of the R&R regarding notice upon class members.

**IT IS SO ORDERED** this 26th day of September, 2024.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**