UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DURWIN HAMPTON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>Defendant. | Case No.: 6:21-CV-250-GLJ |

**JOINT DECLARATION OF H. CLAY BARNETT, III AND
ADAM J. LEVITT IN SUPPORT OF PLAINTIFF'S MOTIONS FOR
FINAL APPROVAL & ATTORNEYS' FEES, EXPENSES, AND A SERVICE AWARD**

H. CLAY BARNETT, III, and ADAM J. LEVITT herby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I, H. Clay Barnett, III, duly licensed to practice law in the State of Alabama, and admitted *pro hac vice* in this Action, am a partner at the law firm of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C ("Beasley Allen") and Co-Class Counsel in this Action.

2. I, Adam J. Levitt, duly licensed to practice law in the State of Illinois, and admitted *pro hac vice* in this Action, am a founding partner of DiCello Levitt LLP ("DiCello Levitt") and Co-Class Counsel in this Action.

3. We respectfully submit this joint declaration in support of Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Unopposed Motion for Final Approval") and Plaintiff's Motion for Attorneys' Fees, Expenses, and a Service Award ("Motion for Attorneys' Fees"). We have personal knowledge of the matters pertaining to the Action and the proposed Settlement and are competent to testify with respect thereto.

4. In the Unopposed Motion for Final Approval, Plaintiff seeks an order (i) granting final approval to the Settlement set forth in the Settlement Agreement (the "Settlement Agreement" or "SA") (ECF No. 141-2); (ii) certifying a Settlement Class for settlement purposes only; (iii)

granting final appointment of Plaintiff Durwin Hampton as the Settlement Class Representative and the law firms of Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. ("Beasley Allen") and DiCello Levitt LLP ("DiCello Levitt"), as Settlement Class Counsel; (iv) confirming the appointment of EisnerAmper as the Settlement Administrator; (v) entering a Final Order and Final Judgment dismissing the Action with prejudice; and (vi) issuing related relief, as appropriate.

5. In the Motion for Attorneys' Fees, Plaintiff seeks an order granting (1) an award of Attorneys' Fees and Expenses in the amount of $9,436,540, and (2) for a service award of $15,000 to the Class Representative in recognition of his contributions to the successful prosecution of this Action. Defendant General Motors LLC ("GM") takes no position on Plaintiff's Motion for Attorneys' Fees.

## INTRODUCTION

6. This case arises from Defendant General Motors LLC's ("GM") marketing and sale of certain GM vehicles as safe, reliable, and durable without disclosing to consumers that the vehicles consume an abnormally high quantity of oil, which results in low oil levels, insufficient lubricity levels, and engine component damage.

7. The affected vehicles are 2011–2014 Chevrolet Avalanche, Silverado, Suburban, and Tahoe, and 2011–2014 GMC Sierra, Yukon, and Yukon XL SUVs and trucks with Generation IV Vortec 5300 LC9 engines manufactured on or after February 10, 2011.

8. The Settlement confers valuable benefits on the owners of an estimated Class Vehicles that are eligible to participate in the Settlement.

## BACKGROUND

9. Prior to commencing litigation, Class Counsel conducted a comprehensive investigation into the underlying facts of this Action. Using our expertise in litigating similar vehicle defect cases, we thoroughly reviewed and analyzed numerous consumer complaints and reports, and other information from other public sources. We conferred extensively with vehicle owners and consulted them about their own experiences regarding excessive oil loss in their Class Vehicles.

10. Class Counsel also conducted legal research to determine the viability of asserting various claims, including a claim under the Oklahoma Consumer Protection Act and claims for breach of warranties, unjust enrichment, and fraudulent concealment. Class Counsel interviewed the Class Representative about his vehicle purchase, including what information he considered prior to purchasing his vehicle, his expectations in purchasing his vehicle, and any experience he had in dealing with issues related to the Defect. Class Counsel also examined Defendant's marketing and advertising materials in various media outlets to assess allegations regarding Defendants' material misrepresentations and/or omissions.

11. After Class Counsel satisfied themselves that viable claims could be asserted against Defendant, they conferred with and got approval from the Class Representative to commence litigation.

## **PRE-TRIAL MOTIONS AND DISCOVERY**

12. On August 20, 2021, Plaintiff filed a class action complaint alleging an oil consumption defect in the affected GM vehicles, seeking damages and equitable relief individually and on behalf of class members, each of whom purchased or leased an affected vehicle.

13. On November 4, 2021, GM moved to dismiss all five of Plaintiff's causes of action. ECF No. 7. Plaintiff responded, ECF No. 10, and Defendant replied, ECF No. 35.

14. On May 27, 2022, Plaintiff served his initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. And on June 8, 2022, Plaintiff responded to GM's First Set of Interrogatories and Requests for Production.

15. On September 28, 2022, District Judge Ronald A. White denied, in full, GM's motion to dismiss. ECF No. 46.

16. On November 16, 2022, Class Counsel defended GM's deposition of Plaintiff.

17. On February 24, 2023, Plaintiff filed his Motion for Class Certification, with supporting exhibits. ECF No. 54 & 55. Defendant responded, ECF No. 59, and Plaintiff replied in support, ECF No.75. Plaintiff also filed several notices of supplemental authority of his Motion for Class Certification. ECF Nos. 78, 90, 110, & 126.

18.     On April 25, 2023, GM moved to exclude the testimony of Plaintiff's liability expert Dr. Werner J.A. Dahm and Plaintiff's damages expert Edward M. Stockton. ECF Nos. 60 & 61. Plaintiff responded in opposition on May 9, 2023. ECF No. 67 & 68. GM replied in support on May 23, 2023. ECF No. 69 & 70. The Court held a motions hearing on June 20, 2023. ECF No. 79. And, on September 28, 2023, the Court held an evidentiary hearing. ECF No. 95. On January 1, 2024, the Court denied, in part, GM's motion to exclude the testimony of Plaintiff's liability expert and denied in full GM's motion to exclude Plaintiff's damages expert. ECF No. 98.

19.     Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, GM filed objections to the Court's order on January 18, 2024. ECF No. 102. Plaintiff responded in opposition, ECF No. 105, and GM replied in support, ECF No. 108. District Judge Ronald A. White ultimately denied GM's objection. ECF No. 113

20.     On February 2, 2024, in response to the Court's order regarding Plaintiff's liability expert, GM filed a supplemental brief in opposition to class certification. ECF No. 107. On February 16, 2024, Plaintiff responded. ECF No. 109.

21.     On March 11, 2024, the Court held a hearing on Plaintiff's Motion for Class Certification. ECF No. 115. The Court recommended granting Plaintiff's motion on May 13, 2024. ECF No. 121. On May 28, 2024, GM objected to the Court's Report and Recommendation, ECF No. 122, to which Plaintiff responded, ECF No. 123.

22.     On September 26, 2024, District Judge Ronald A. White adopted the Court's recommendation, certifying a class of owners and lessees of Class Vehicles that were purchased or leased in the State of Oklahoma for Plaintiff's claims of consumer fraud, breach of implied warranty, and unjust enrichment. ECF No. 129.

23.     On October 10, 2024, GM filed a petition for permission to appeal to the Tenth Circuit under Rule 23(f) of the Federal Rules of Civil Procedure. *General Motors LLC v. Hampton*, No. 24-604 (10th Cir.) (ECF No. 2-1). Plaintiff responded in opposition, and the Tenth Circuit ultimately denied GM's petition.

24. Finally, on November 25, 2024, GM filed a motion for summary judgement, ECF No. 132.

25. On a joint motion by the Parties to explore a potential resolution in this Action, the Court stayed the case and extended Plaintiff's deadline to respond to GM's motion. ECF Nos. 136, 140.

## SETTLEMENT NEGOTIATIONS AND RELIEF

26. Following the Court's ruling on class certification, counsel for the Parties met and conferred to explore the potential for resolution of this Action.

27. The Parties engaged in arm's-length settlement negotiations over a period of approximately four months.

28. On January 22, 2025, the Parties participated in an all-day in person mediation with Antonio Piazza of Mediated Negotiations, Inc.

29. The Parties endeavored through mediation to reach a resolution of this Action, as well as Related Actions pending against GM, namely, *Siqueiros v. General Motors LLC*, No. 16cv-07244-EMC (N.D. Cal.), in which the plaintiffs, on behalf of California, Idaho, and North Carolina classes, prevailed at trial and on GM's post-trial motions for decertification and for judgment as a matter of law, and *Vita v. General Motors LLC*, 2:20-cv-01032 (E.D.N.Y.); *Airko, Inc. v. General Motors LLC*, No. 1:20-cv-02638 (N.D. Ohio); and *Riddell v. General Motors LLC*, No. 1:20-cv-00254 (E.D. Mo.), three individual actions.

30. After carefully considering the facts and applicable law and the risks, expense, and uncertainty of continued litigation, and after having engaged in extensive negotiations, the Parties agreed that it was in their mutual best interests to resolve the claims in this Action related to the Class Vehicles on behalf of the Plaintiff and the Class on fair, reasonable, and adequate terms as set forth in this Settlement Agreement.

31. Numerous drafts of the Settlement Agreement and related exhibits were exchanged between the Parties, which Class Counsel carefully negotiated and refined before a final agreement

could be reached. As a result of Class Counsel's efforts, the Parties were successful in reaching a settlement that provides immediate, concrete, and substantial benefits to Class Members.

33. In consideration for the dismissal of the Action with prejudice and a full and complete release of claims by Class Plaintiff and all Class Members, GM has agreed to provide a non-reversionary Settlement Fund in the amount of $24,833,000 to be distributed pro rata to Class Members after payment of any Settlement Administration Expenses, Attorneys Fees' and Expenses, and a Service Award as may be awarded by the Court. Depending on how many class members can be identified, this payment will be no less than $815 and as high as $1,702 before fees and costs—a significant portion of the maximum $2,700 in damages per Class Member that Plaintiff would seek for the Class at trial.

## **PRELIMINARY APPROVAL**

33. On February 23, 2024, Plaintiff filed the Unopposed Motion for Preliminarily Approval of Class Action Settlement (the "Motion for Preliminary Approval"). ECF No. 141. Attached as an exhibit to the Motion for Preliminary Approval was the complete Settlement Agreement signed by Class Counsel and Counsel for GM on April 29, 2025. ECF No. 141-2.

34. On May 22, 2025, the Court held a motion hearing on Plaintiff's Motion for Preliminary Approval. ECF No. 149. Subsequently, the Court entered an order granting Plaintiff's Motion and setting a hearing on final approval of the Settlement for September 15, 2025. ECF No. 150.

## **CLASS COUNSEL'S FEES AND EXPENSES**

35. The Motion for Attorneys' Fees seeks an award of fees and expenses in the amount of $9,436,540.00, or 38% of the Settlement Fund. The Class Representative endorses the Settlement and Class Counsel's Motion for Attorneys' Fees. If the Court grants the Motion for Attorneys' Fees, it will be awarded out of the Settlement Fund.

36. During the course of the Action, Plaintiffs' Counsel also incurred expenses of $70,486.55. Class Counsel incurred these costs for: expert fees, travel to hearings and deposition, copying costs, court reporter fees, filing fees, and legal research. The expenses incurred herein

were reasonable and necessary for the prosecution of the Action, are the types of expenses that Plaintiffs' Counsel typically incur in complex litigation, and for which Plaintiffs' Counsel are typically reimbursed when the litigation results in a Settlement and is finally approved. These expenses will be paid from the Settlement Fund. The breakdown of these expenses by firm are as follows:

| Firm | Expenses |
|---|---|
| Beasley, Allen, Crow, Methvin, Portis & Miles, P.C. | $34,953.1 |
| DiCello Levitt LLP | $35,533.45 |
| Total | $70,486.55 |

37. These amounts were derived from contemporaneous daily time and expense records compiled on this matter, which are recorded in our computerized databases. The firms require regular and contemporaneous recording of time and expense records, which occurred in this Action.

38. Moreover, we expect to expend a significant amount of time on this Action until it is fully resolved. Since the Court granted Preliminary Approval on May 22, 2025, Class Counsel has already spent many hours preparing and finalizing the motion papers that are being filed today. Between now and the final approval hearing, Class Counsel will continue to do a significant amount of work, including, among other things, (i) conferring with GM's counsel on Settlement-related issues; (ii) conferring with the Settlement Administrator about notice, objectors, and optout requests; (iii) fielding calls from Class Members, including potential objectors; (iv) researching and drafting supplemental briefs and declarations by the August 20, 2025 deadline; (v) preparing for the Fairness Hearing; (vi) traveling to and from Muskogee; (vii) presenting oral argument at the Fairness Hearing; and (vii) communicating with Plaintiff.

39. In addition, if the Court grants final approval of the Settlement, Class Counsel will continue to expend time and resources overseeing the administration of the Settlement and the distribution of the settlement payments. SA § 6.1.

40. In our opinion, Class Counsel's request for fees and expenses is fully justified given the facts of this Action. The time and expenses that were expended and incurred in prosecuting this Action were reasonable and necessary for the diligent litigation of this matter. Our work on this case was performed on a wholly contingent basis pursuant to a contingency fee contract with Plaintiff. Our firms have not received any amounts in connection with this Action, either as fee income or expense reimbursement.

## **PLAINTIFF HAMPTON**

41. Plaintiff Durwin Hampton has diligently represented to interests of the Class.

42. This Settlement would not have been possible without the extraordinary care, attention, and efforts provided by Plaintiff Hampton. He spent a substantial amount of time gathering relevant documents from his personal files and from Dunn County Chevrolet Buick GMC. He prepared and sat for a deposition and produced his vehicle to GM for inspection. And, to date, Plaintiff Hampton has regularly communicated with Class Counsel to keep himself updated on the status of this action.

43. Plaintiff Hampton fulfilled his duty to the Class, and we believe that the proposed service award of $15,0000 is also appropriate.

## **CONCLUSION**

44. Class Counsel have led this case from the investigation phase, through discovery, class certification, and settlement.

45. Class Counsel are well positioned to assess the benefits of the proposed Settlement and do hereby fully endorse it as fair, reasonable, and adequate.

46. Class Counsel respectfully submit that both Plaintiff's Motion for Attorneys' Fees, and Plaintiff's Unopposed Motion for Final Approval should be granted.

47. We declare under penalty of perjury that the foregoing is true and correct.

DATED: June 23, 2025                               Respectfully submitted,

*/s/* H. Clay Barnett, III
H. Clay Barnett, III (*pro hac vice*)
W. Daniel "Dee" Miles, III *(pro hac vice)*
Rebecca D. Gilliland (*pro hac vice*)
J. Mitch Williams (*pro hac vice*)
Dylan T. Martin (*pro hac vice*)
**BEASLEY, ALLEN, CROW,
METHVIN, PORTIS & MILES, P.C.**
272 Commerce Street
Montgomery, Alabama 36104
Telephone: 334-269-2343
clay.barnett@beasleyallen.com
dee.miles@beasleyallen.com
rebecca.gilliland@beasleyallen.com
mitch.williams@beasleyallen.com
dylan.martin@beasleyallen.com

*/s/Adam J. Levitt*
Adam J. Levitt (*pro hac vice*)
John E. Tangren (*pro hac vice*)
Daniel R. Ferri (*pro hac vice*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: 312-214-7900
alevitt@dicellolevitt.com
jtangren@dicellolevitt.com
dferri@dicellolevitt.com

*Class Counsel*
